AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware

UNITED STATES OF AMERICA

v.

_Wayne T. Comble_
Defendant

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-57-KAJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
   for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  X  a preponderance of the evidence: As a result of a detention hearing held on June 6, 2006, the court finds that there are no conditions or combination thereof that will reasonable assure defendant's appearance as required and the safety of the community for the following reasons:

1. the offense charged is a felon in possession of a firearm. The guideline range is 40 to 50 months incarceration which wold provide a significant motivation to flee.
2. The evidence against defendant is strong. WPD while responding to a burglary saw defendant running away and stopped him to question him. Defendant was patted down and a firearm with 5 rounds (Python revolver) was found on his person. Defendant admitted buying the weapon because of a contested will dispute. He further admitted that he obtained the gun because it was " either him or me."
3. Defendant has a lengthy criminal history since 1982 with convictions at least annually. He has used aliases (Wayne Clayton) to avoid detection. His crimes are not limited to DE and he has a history of offenses in MD and PA as well. He has 7 VOPS primarily for new convictions and failure to report. When he has completed probation, he is discharged as unimproved. He also has a number of capiases issued (39) for failure to appear. Defendant is clearly a serial offender. (He has a total of 84 capiases). Defendant was convicted in 2004 for possession with intent to distribute and previously in 2002 for possession of cocaine. Dispute the defense argument that in the last few years defendant's criminal history has improved since he was only convicted of 3 misdemeanors, his total criminal history in abominable. Further, the fact that defendant has been a life long resident in DE has not prevented him from doing criminal activity in this state and the surrounding jurisdictions. However, defer can has held employment recently since February 2006, a construction position as a sign holder.

FILED
JUN 1 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 15, 2006 | _[signature]_ |
|---|---|
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).