IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-57-KAJ |
| | : | |
| | : | |
| WAYNE GAMBLE, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

Defendant, Wayne Gamble, through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an order suppressing for use by the government any and all evidence seized from Mr. Gamble, on or about Feburary 5, 2006, including any and all of Mr. Gamble's statements made to law enforcement officers.

In support of this motion the defense submits as follows:

1.  On February 5, 2006, Officer Duckett responded to the 1000 block of Lombard Street in response to a burglary in progress call. Duckett was advised by Officer Martinez that an individual wearing a white t-shirt and dark pants was seen running west on 10th Street from Lombard. As he was leaving the scene, Duckett observed a man, Mr. Gamble, wearing a white t-shirt and dark pants walking east on 10th street towards Lombard. Duckett claims that Mr. Gamble kept looking over his right shoulder at Duckett, who was in a marked police car. Duckett stopped Mr. Gamble and

detained him while he waited for Martinez.  After Martinez arrived and confirmed that Mr. Gamble was the individual previously seen running down 10th Street, Duckett handcuffed Mr. Gamble and conducted a pat down search, finding a gun in Mr. Gamble's lower right pant leg area.  Duckett claims that Mr. Gamble made inculpatory statements subsequent to the search.[1]

2.      The Fourth Amendment prohibits unreasonable searches and seizures.  It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions.  United States v. Katz, 389 U.S. 347, 357 (1967).

3.      A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers.  United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991).  Mr. Gamble was clearly seized by police in this case.  A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity.  Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

4.      The reasonable suspicion standard is less stringent than probable cause, but still requires an officer to have a "particularized and objective basis for suspecting the particular person stopped of criminal activity."  United States v. Cortez, 499 U.S. 411, 417-18 (1981).  "An officer's objective basis for suspicion must be particularized because the 'demand for specificity in the

---

[1] Any facts contained in this motion were taken from the police report prepared with regard to this case.  By including these facts in its pre-trial motion, the defense in no way concedes that events transpired as stated in the police report.  It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

information upon which police action is predicated is the central teaching of this Court's Fourth Amendment jurisprudence.'" Brown, 448 F.3d at 246 (quoting Terry v. Ohio, 392 U.S. 1, 22 n. 18 (1968)).

5. In the present case, there was no probable cause or reasonable suspicion to justify the stop and seizure of Mr. Gamble. There was no reasonable suspicion that Mr. Gamble was about to commit a crime or that he had just committed one. Thus, any subsequent search of Mr. Gamble was illegal and in violation of the United States Constitution. Because the search was illegal, all evidence seized from this illegal search, including any statements taken from Mr. Gamble following his arrest, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

6. The defendant also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

7. It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

8. In the present case, there was no affirmative indication of understanding or voluntary

waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant). Mr. Gamble was taken to the police station after a lengthy "investigatory stop" by Duckett. The government has provided no evidence that Mr. Gamble made a knowing, intelligent, voluntary waiver of his Miranda rights at that time.

9. Mr. Gamble did not adequately understand his rights and did not voluntarily waive them. Any statements allegedly made by Mr. Gamble were not knowing or voluntary, and therefore, must be suppressed .

**WHEREFORE**, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence and statements as discussed above.

                                              Respectfully submitted,

                                              /s/
                                              Eleni Kousoulis, Esquire
                                              Assistant Federal Public Defender
                                              704 King Street, Suite 110
                                              Wilmington, DE  19801
                                              Attorney for Defendant Wayne Gamble

DATED: August 18, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-57-KAJ |
| | : | |
| | : | |
| WAYNE GAMBLE, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of Defendant Pre-Trial Motion to Suppress Evidence And Statements is available for public viewing and downloading and was electronically delivered on August 18, 2006, to:

David Hall, Esquire
Assistant U.S. Attorney
1007 Orange Street
Suite 700, P.O. Box 2046
Wilmington, DE  19899-2046

/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King St., Suite 110
Wilmington, Delaware  19801
Attorney for Defendant Wayne Gamble

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-57-KAJ |
| WAYNE GAMBLE, | : | |
| Defendant. | : | |

**ORDER**

The Court having considered Defendant Gamble's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2006, that any evidence seized at the time of Mr. Gamble's arrest in this case, including any statements made by Mr. Gamble, shall be suppressed.

                                                                _____
                                                                Honorable Kent A. Jordan
                                                                United States District Court